IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY HARRIS,<br><br>   Plaintiff,<br><br> v.<br><br>DURHAM ENTERPRISES, INC., d/b/a<br>CITY WIDE MAINTENANCE OF ST. LOUIS, and<br>DON DURHAM,<br><br>   Defendants.<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>and OHIO SECURITY INSURANCE COMPANY,<br><br>   Garnishees. | Case No.  4:21-cv-1001 |

**LIBERTY MUTUAL INSURANCE COMPANY AND
OHIO SECURITY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Liberty Mutual Insurance Company ("Liberty Mutual") and Ohio Security Insurance Company ("Ohio Security") hereby give notice of removal of this action, captioned *Tommy Harris v. Durham Enterprises, Inc., et al.*, case number 2122-CC08800, from the Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri.  Copies of the state court file and docket sheet are attached as Exhibit A.[1]

Pursuant to 28 U.S.C. § 1446(a), the Ohio Security and Liberty Mutual provide the following statement of grounds for removal.

---

[1] For ease of reference, page numbers have been added to Exhibit A in the bottom right corner of the page.

## BACKGROUND REGARDING OVERLAPPING AND RELATED ACTIONS

1.  On January 10, 2017, Plaintiff Tommy Harris ("Harris") filed a lawsuit in St. Clair County, Illinois against Renal Life, Inc. d/b/a Metro East Dialysis, Davita, Inc., and Hughes Maintenance Corporation d/b/a City Wide of Illinois ("Hughes Maintenance") for alleged injuries he sustained between February 8, 2016 and August 5, 2016, while undergoing dialysis at a dialysis center located in Belleville, Illinois.  *See* Memorandum Opinion and Order, *Harris v. Durham Enters., Inc.*, No. 20-cv-72-JPG (S.D. Ill. June 15, 2020), at 2, attached as Ex. B.  Harris later amended his complaint therein to substitute Durham Enterprises, Inc. and Don Durham (collectively, "the Durham Parties") for Hughes Maintenance.  *Id.*

2.  The case proceeded until March 2019, at which point Harris filed a motion to sever his claims against the Durham Parties.  *Id.*  Harris's motion was granted, and his claims against them were assigned a new case number, 19-L-234.  *Id.*

3.  On July 30, 2019, the St. Clair County, Illinois court held a bench trial on Harris's claims against the Durham Parties.  *Id.*  At the bench trial, counsel for the Durham Parties disclosed to the trial court that the Durham Parties entered into a covenant not to execute and limit recovery with Harris and would not mount a defense, but instead would pursue the Durham Parties' insurers.  *Id.*

4.  On October 9, 2019, the St. Clair County court adopted the findings of fact and conclusions of law submitted by Harris—the Durham Parties did not contest Harris's findings or submit their own proposed findings and conclusions—and entered judgment against the Durham Parties in the amount of $2,080,585.95 in case number 19-L-234.  *See id.*

5.  On December 7, 2019, Harris amended his complaint in case number 19-L-234, adding defendants named as "Ohio Security" and "Liberty Mutual Insurance" (sic) and asserting against them claims for a declaratory judgment.  *Id.* at 2-3.  On behalf of the plaintiff, the

2

amended complaint asserts that those defendants breached their duty to defend the Durham Parties under an insurance policy issued to them by Ohio Security and Liberty Mutual Insurance (sic). *Id.*

6. On January 16, 2020, Ohio Security Insurance Company, which issued to Durham Enterprises a commercial package policy (no. BKS(16)57078432) with a commercial general liability coverage part and a policy period of December 30, 2015 to December 30, 2016 ("the Policy"), removed case number 19-L-234 (in view of the amended complaint therein, the "First Durham Insurance Action") to the United States District Court for the Southern District of Illinois, where it was assigned to the Honorable J. Phil Gilbert.

7. Harris subsequently filed a motion to remand the First Durham Insurance Action. Judge Gilbert denied that motion in a Memorandum and Order dated June 15, 2020. *See* Ex. B. Concluding that "the Durham defendants' consent is not necessary for removal of this case because they are appropriately realigned with Harris[,]" *id.* at 10, he explained:

> In light of the history of this case, it is clear that there is no actual, substantial controversy between Harris and the Durham defendants. In fact, the Durham defendants have taken a dive in order to pave the way for Harris to collect from one or more of their insurers. This includes cooperating in an effort to obtain a judgment in state court purportedly binding entities that were not even parties to the litigation. In exchange, the Durham defendants essentially received from Harris immunity from collection. At that point, the Durham defendants' interest in avoiding potential liability paralleled Harris's interest in obtaining a large judgment against them. In this way, the Durham defendants have aligned their interest with Harris's and abandoned their own interest in contesting Harris's claim. Aligned in this fashion, the Durham defendants are no longer considered defendants from whom consent to removal is necessary.

*Id.*

8. Judge Gilbert further noted that "it appears . . . that the Durham defendants risk no liability in this case and are nominal in that respect[,]" providing an additional reason that their consent to removal was not required. *Id*. at 11.

9. Concluding that Harris had intended to sue Liberty Mutual when he named "Liberty Mutual Insurance" as a defendant, Judge Gilbert also permitted the First Durham Insurance Action to proceed against Ohio Security and Liberty Mutual. *Id*. at 5-6.

10. The parties thereafter actively litigated the First Durham Insurance Action, with Harris and the Durham Parties openly acknowledging their interests were aligned and taking similar or identical positions with respect to all material factual or legal issues in the First Durham Insurance Action.

11. As of August 11, 2021, the First Durham Insurance Action currently has fully-briefed motions for summary judgment pending.

12. On July 8, 2021, as the parties were briefing potentially case-dispositive cross-motions for summary judgment in the First Durham Insurance Action, Harris filed this action (the "Second Durham Insurance Action") against Ohio Security and Liberty Mutual in the Twenty-Second Judicial Circuit, City of St. Louis, Missouri.

13. The complaint in the Second Durham Insurance Action alleges that Harris is a "judgment creditor" of the Durham Parties, names Liberty Mutual and Ohio Security as "garnishees," and claims that Harris is entitled to money via an (as described, non-existent) "contract of insurance between Liberty Mutual, Ohio Security, Durham Enterprises, and Mr. Durham." Ex. A at 2-5.

14. The Second Durham Insurance Action thus pleads extremely similar facts and theories as those pled in the First Durham Insurance Action. *Compare* Ex. A at 2-5 *with* Ex. C.

**BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

15. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint in the 22nd Judicial Circuit, City of St. Louis, Missouri action, No. 2122-CC08800,

served upon Ohio Security Insurance Company and Liberty Mutual Insurance Company, respectively, are contained in the state court file attached hereto as Ex. A.

16. Harris, a natural person, is a resident and citizen of Illinois. *Id.* (Complaint at ¶ 1).

17. Durham Enterprises, Inc. is a Missouri corporation with its principal place of business in Missouri. Ex. D. It is therefore a citizen of Missouri for purposes of diversity jurisdiction.

18. Don Durham, a natural person, is a resident and citizen of Missouri. Answer to Cross-Claim for Declaratory Judgment, *Harris v. Durham Enters., Inc.*, No. 20-cv-72-JPG, Dkt. 38, ¶ 15.

19. Ohio Security is a New Hampshire corporation with its principal place of business in Massachusetts. Ohio Security is therefore a citizen of both New Hampshire and Massachusetts for purposes of diversity jurisdiction.

20. Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts. Liberty Mutual is therefore a citizen of Massachusetts for purposes of diversity jurisdiction.

21. For the reasons set forth above, the Durham Parties are appropriately realigned with Harris, opposite the "v." from Ohio Security and Liberty Mutual. Indeed, Judge Gilbert already so realigned the parties in the First Durham Insurance Action, and the same analysis he applied in that case applies here.

22. Complete diversity therefore exists, as demonstrated in the below chart:

| Party | Domicile/State of Incorporation | Principal Place of Business | Citizenship |
|---|---|---|---|
| Plaintiff Tommy Harris | Illinois | N/A | Illinois |
| Realigned Plaintiff Durham Enterprises, Inc. | Missouri | Missouri | Missouri |
| Realigned Plaintiff Don Durham | Missouri | N/A | Missouri |
| Defendant Ohio Security Insurance Company | New Hampshire | Massachusetts | Massachusetts and New Hampshire |
| Defendant Liberty Mutual Insurance Company | Massachusetts | Massachusetts | Massachusetts |

23.     The complaint seeks $2,080,585.95 in damages, plus interest. Ex. A at 5. Thus, the jurisdictional amount-in-controversy requirement is met. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

24.     In summary, this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiffs (Illinois and Missouri) and Defendants (New Hampshire and Massachusetts); and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS

25.     The Twenty-Second Judicial Circuit, City of St. Louis, Missouri is located within the Eastern District of Missouri. Removal to this Court therefore satisfies the venue requirement of 28 U.S.C. § 1446(a).

26. The summons and complaint in this case were delivered to the Missouri Department of Insurance on July 15, 2021 and were thereafter delivered to Ohio Security and Liberty Mutual's respective registered agents on July 19, 2021.  Ex. E.

27. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of service.

28. Upon information and belief, the Durham Parties have not been served and therefore their consent to removal is not required.  *See* 28 U.S.C. § 1446(b); 28 U.S.C. § 1441(b)(2).

29. In all events, because the complaint in this Second Durham Insurance Action seeks no relief from the Durham Parties, rendering them a nominal party, and because the Durham Parties are aligned with Harris under their written agreement, Ohio Security and Liberty Mutual do not need the consent of the Durham Parties to removal under 28 U.S.C. § 1446(b)(2)(A).  *See, e.g.*, Ex. B at 10-11 (Judge Gilbert's opinion in the First Durham Insurance Action); *Ferraro v. Humphrey*, 2015 WL 685886, at *2–5 (N.D. Ind. Feb. 18, 2015) (finding consent of co-defendant insured unnecessary where interests of insured and injured party were aligned against the insurer) (citing *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941)).

30. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Twenty-Second Judicial Circuit, City of St. Louis, Missouri and will be promptly served on Harris and the Durham Parties.

31. If any question arises as to the propriety of this removal, Ohio Security and Liberty Mutual respectfully request the opportunity to present written and oral argument in support of removal.

## CONCLUSION

For the foregoing reasons, Ohio Security and Liberty Mutual remove this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  August 11, 2021                 Respectfully submitted,

**LIBERTY MUTUAL INSURANCE COMPANY
and OHIO SECURITY INSURANCE COMPANY**

By:   /s/   *Douglas S. Beck*
One of Their Attorneys

Douglas S. Beck (E.D. Mo. 49984MO)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:  (816) 474-6550
dbeck@shb.com

Matthew O. Sitzer (#6210083-IL) (*pro hac vice forthcoming*)
Matthew C. Wolfe (#6307345-IL) (*pro hac vice forthcoming*)
Peter F. O'Neill (#6324429-IL) (*pro hac vice forthcoming*)
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone:  (312) 704-7700
msitzer@shb.com
mwolfe@shb.com
pfoneill@shb.com

## CERTIFICATE OF SERVICE

I, Douglas S. Beck, an attorney, hereby certify that, on **August 11, 2021**, I caused a true and complete copy of the foregoing **LIBERTY MUTUAL INSURANCE COMPANY AND OHIO SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL** to be electronically filed via the Court's ECF system and served upon the following counsel of record via electronic mail:

>Samantha Unsell
>**KEEFE, KEEFE & UNSELL, P.C.**
>#6 Executive Woods Court
>Belleville, Illinois 62226
>Telephone: (618) 236-2221
>Facsimile: (618) 236-2194
>Email: ashley@tqkeefe.com
>          samunsell@gmail.com
>
>*Attorneys for Plaintiff Tommy Harris*
>
>Ted F. Frapolli
>**LAW OFFICES OF TED F. FRAPOLLI**
>1714 Deer Tracks Trail, Suite 200
>St. Louis, Missouri 63131
>Telephone: (314) 993-4261
>Facsimile: (314) 993-3367
>Email: ted@tffrapollilaw.com
>
>*Attorneys for Defendants Durham Enterprises, Inc. and Don Durham*

                                                        */s/ Douglas S. Beck*