UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-01001 AGF |
| ) | |
| LIBERTY MUTUAL INSURANCE., et al., ) | |
| ) | |
| Garnishees. ) | |

## MEMORANDUM AND ORDER

Plaintiff Tommy Harris filed this Petition for Equitable Garnishment seeking to collect from the insurance company Defendants on a an unconstested judgment obtained against Durham Enterprises, Inc. and Don Durham (the "Durham Defendants") in St. Clair County, Illinois. The early history of these actions is further detailed in Judge Gilbert's Memorandum and Order dated June 15, 2020. (Doc. No. 8-4). In summary, Harris had originally filed suit in the Illinois state court against Renal Life Link, Inc. and other defendants for compensation for injuries resulting from infections he claimed to have acquired during dialysis. Harris added the Durham Defendants as parties, and thereafter requested that the claims be severed and assigned a new case number, which motion was granted. Harris thereafter filed a new action against the Durham Defendants in Illinois state court. At the bench trial on that new action, the Durham Defendants agreed not to mount a defense, and Harris agreed to limit its recovery, not execute on any judgment and instead pursue the Durham Defendants' insurer. This resulted in a

judgment in Harris's favor of approximately $2 million.

Harris thereafter amended the originally-filed Illinois suit in part to add new declaratory judgment claims for insurance coverage against Defendants Liberty Mutual Insurance Company and Ohio Security Insurance Company (collectively the "Garnishees").  The case was thereafter removed to federal court in the Southern District of Illinois, *Tommy Harris v. Durham Enterprises, Inc., et al.*, No. 20-CV-72-JPG, 2020 WL 3206047 (S.D. Ill.) (the "First *Harris* Case"), where it remains pending.  In that action, the District Judge found there is no actual controversy between Harris and the Durham Defendants and realigned the parties accordingly.  Following eight months of discovery, the parties have filed cross-motions for summary judgment regarding whether the insurers (Garnishees herein) had a duty to defend.  After the cross-motions for summary judgment were filed in the First *Harris* Case, Harris filed his action for equitable garnishment in the Circuit Court for St. Louis County against the Durham Defendants and the Garnishees.  Harris seeks essentially the same relief as in the First *Harris* Case – namely, payment from the Durham Defendants' insurance carriers for the state court judgment – under the different legal theory of equitable garnishment.  The Garnishees removed the case to this Court.  Like Judge Gilbert in the Southern District of Illinois, this Court found there is no actual controversy between Harris and the Durham Defendants and realigned the parties accordingly.  (Doc. No. 23).

The matter is now before the Court on the Garnishees' motion to transfer this case to the Southern District of Illinois.  (ECF No. 7).  Harris and the Durham Defendants (collectively, following realignment, the "Plaintiffs") did not timely respond to the

motion. The Court then ordered the Plaintiffs to show cause why this case should not be transferred by September 7, 2021. The Plaintiffs filed no response. (ECF No. 23). For the reasons set forth below, the Court will grant the Garnishees' motion.

The Garnishees claim this case should be transferred pursuant to the first-filed rule to the Southern District of Illinois, where the First *Harris* Case is pending, or alternatively, under 28 U.S.C. §1404(a). The Garnishees state that if the case is transferred to the Southern District of Illinois, they will promptly move to consolidate the two related actions.

Under the first-filed rule, a district court has the discretion to transfer a case if an earlier-filed, related case involving the same parties and issues was filed in a different district. *See, e.g., Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121 (8th Cir. 1985) ("[W]here two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1006 (8th Cir. 1993). "The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Orthmann,* 765 F.2d at 121 (citation omitted). The first-filed rule applies in the absence of compelling circumstances. *See id.* (citation omitted).

The First *Harris* Case involves the same parties and issues as this case—Harris filed this lawsuit seeking to collect from the Durham Defendants' insurers on the state

court judgment Harris obtained. As such, the first-filed rule applies absent compelling circumstances. There are no compelling circumstances to deny the Garnishees' motion to transfer. Harris, not the Garnishees, initially selected Illinois as the forum in which to litigate this matter. Moreover, neither Harris nor the Durham Plaintiffs oppose the motion to transfer.

Further, the Court finds that a transfer is also appropriate "in the interest of justice" under 28 U.S.C. § 1404(a). It would be a waste of time, energy, and judicial resources, and would create the risk of inconsistent rulings, to permit these two cases seeking essentially the same relief against the same parties to proceed in different district courts. *See Terra Int'l, Inc. v. Miss. Chem. Corp,*, 119 F.3d 688, 691 (8th Cir. 1997). As Plaintiff Harris chose initially to litigate these issues in Illinois, and Plaintiffs have not elected to oppose the motion to transfer, the Court finds it would work no hardship on Plaintiffs to require them to proceed in the Southern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that the Garnishees' motion to transfer is **GRANTED**. ECF No. 7.

**IT IS FURTHER ORDERED** that this action shall be transferred to the United States District Court for the Southern District of Illinois.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of October, 2021.